*295 F. Supp. 1402*

# CORRECTED

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

FILED

OCT 2? 19??

JUDICIAL PANEL FOR
MULTIDISTRICT LITIGATION
PER _____
PROVISIONAL CLERK

IN RE MULTIDISTRICT CIVIL ANTITRUST )
ACTIONS INVOLVING ANTIBIOTIC DRUGS  )    DOCKET NO. 10

OPINION AND ORDER TRANSFERRING MULTIDISTRICT
CIVIL ACTIONS UNDER SECTION 1407,  TITLE 28,
UNITED STATES CODE, TO THE SOUTHERN DISTRICT
OF NEW YORK

BEFORE CIRCUIT JUDGES ALFRED P. MURRAH AND JOHN MINOR WISDOM,
AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, AND
JOSEPH S. LORD

WILLIAM H. BECKER, CHIEF JUDGE

Pursuant to order and on notice to the parties to the multi-
district civil antitrust cases listed in the attached Schedule A,
a hearing was held on September 18, 1968, on the motion to transfer
to the Southern District of New York for pretrial purposes the cases
listed in the attached Schedule A under Section 1407, Title 28, U.S.C.
(except those cases then pending in the Southern District of New York).
This motion to transfer was submitted on behalf of defendants American
Cyanamid Company, Bristol-Myers Co., Olin-Mathieson Chemical Corp.,
and the Upjohn Company.

At the same time, on the initiative of the Panel, and
on notice to the parties to the cases listed in the attached
Schedule A, a hearing was held to consider transfer of all the
actions listed in the attached Schedule A under Section 1407,

Title 28, U.S.C., to a district or districts other than the Southern District of New York.

The following parties plaintiff in cases listed in the attached Schedule A, in writing or orally, supported the motion to transfer to the Southern District of New York:

            State of Alabama

            State of Florida

            State of Illinois

            State of Indiana

            State of Iowa

            State of Kansas, its Departments, Agencies,
                             Boards, Commissions, certain
                             Hospital Districts, Boards
                             of County Commissioners, and
                             Cities of the State of Kansas

            State of Louisiana

            State of Massachusetts

            State of Minnesota

            State of Mississippi

            State of North Dakota

            State of Oregon

            State of Pennsylvania

            State of Texas

State of West Virginia

City of Boston

City of Memphis

City of New York

The plaintiffs State of California, County of Los Angeles and the City and County of San Francisco opposed the motion to transfer to the Southern District of New York.

The affected civil antitrust actions all involved the antibiotic drug tetracycline.  In each of the affected actions there are alleged violations of the antitrust laws which were the basis of convictions of three of the five defendants in the Southern District of New York.

The principal offices of four of the sellers are in the New York area.  The principal office of the fifth seller is in Michigan.

Sixteen of the affected actions were filed and are pending in the Southern District of New York.

Additional similar affected actions were filed and are pending in eight other districts in the following numbers:

| District | No. of Actions |
|---|:---:|
| Eastern District of Pennsylvania | 4 |
| District of Massachusetts | 2 |
| Northern District of Illinois | 5 |
| Southern District of Iowa | 1 |
| District of Kansas | 1 |
| Northern District of Texas | 1 |
| District of New Jersey | 1 |
| Northern District of California | 4 |
| Central District of California | 3 |

The total number of affected actions was 38 when the notice of hearing of September 18, 1968, was issued. Since that time there have been additional similar actions filed, transfer of which may be considered later.

Prior to the hearing, the sixteen actions pending in the Southern District of New York had been assigned to a single judge, the Honorable Inzer B. Wyatt, District Judge. The pretrial processes in the cases assigned to Judge Wyatt are farther advanced than in any other action. The collection in the Southern District of New York of relevant data and documentary information on issues common to the actions is substantially greater than in any other district.

-4-

The records and evidentiary material of the related criminal case are more readily available in the Southern District of New York.

In some of the affected actions in the several districts there are requests for potentially conflicting determinations of class actions on behalf of plaintiffs and potential plaintiffs.

The affected actions meet the standards for transfer for pretrial purposes to a single district. There are "one or more common issues of fact" in the related actions. The Panel has determined that transfer to the Southern District of New York for coordinated or consolidated proceedings of the affected actions (pending in other districts) "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions".

In reaching this determination the Panel has considered the objections to transfer to the Southern District of New York made at the hearing and in the briefs. Some plaintiffs who originally opposed the motion to transfer in the briefs supported the motion at the hearing. Some plaintiffs did not oppose the motion unconditionally but suggested that action on the motion be deferred.

The plaintiff Cities of Philadelphia and Detroit and certain plaintiff non-profit hospitals and health centers, whose actions are filed and pending in the Eastern District of Pennsylvania, do not object to transfer of those suits to the Southern District of New York.  These plaintiffs do, however, request that the Panel expressly exclude from the transferee court the power to make determination of the class action requests in those cases.  To grant such a request would deny to the transferee court the power to resolve in early pretrial the potential conflict in multidistrict class action determinations. Under the circumstances of this case denial of this power, if authorized by law, would not be in the interest of justice and would not promote the efficient and just conduct of the affected actions.

Plaintiff Kent Pharmaceuticals opposes transfer of its case from the Eastern District of Pennsylvania on the ground that it claims relief because of boycott and exclusion as a result of the conspiracy.  It points out that it has an interest in proving that the prices and profits would be high in the absence of the conspiracy, while the many end user plaintiffs

-6-

have an interest in proving that the same prices would be low. This is not a sufficient reason to deny transfer of the Kent Pharmaceutical case. Common questions of fact in respect to the conspiracy, economic conditions, and level of what prices would be in the absence of conspiracy remain. The transferee court can schedule the pretrial including discovery on prices and economic conditions in a manner which will be most efficient and just to all parties. If any differences or exceptions in pretrial are desirable in respect to Kent Pharmaceuticals, the transferee court can control the proceedings to that end. The Panel, however, does not suggest that such differences or exceptions are, or are not, appropriate.

In this connection it is significant that the plaintiff Continental Vitamins, an alleged excluded competitor in the District of New Jersey, is in a position similar to that of Kent Pharmaceuticals but desires that its action be transferred to the Southern District of New York.

A very serious question is raised by the opposition of plaintiffs in the Northern and Central Districts of California. These plaintiffs oppose transfer of their cases to New York. They suggest that if any of the California cases are to be transferred, they be separately transferred on a regional basis to a

-7-

California district.  Some extra expense and inconvenience to counsel in travel to New York for pretrial conferences will occur.  But it is found that this expense and inconvenience will be more than offset by savings from and convenience of coordinated or consolidated pretrial proceedings directed by the transferee judge.

Counsel for plaintiffs in an unlisted action, Richardson Drug and others, voluntarily appeared at the hearing.  Therefore, that unlisted case will also be transferred.

Consent of the United States District Court for the Southern District of New York to the assignment of the transferred actions to the Honorable Inzer B. Wyatt is attached hereto.

For the foregoing reasons, it is hereby

ORDERED that the 22 actions, listed in Schedule A attached, pending in the Districts of Massachusetts, Kansas, and New Jersey, the Eastern District of Pennsylvania, Northern District of Illinois, Southern District of Iowa, Northern District of Texas, Northern District of California, and the Central District of California be, and they are hereby, transferred under Section 1407, Title 28, U.S.C., to the Southern District of New York and assigned to the Honorable Inzer B. Wyatt, District Judge.  It is further

ORDERED that the action entitled <u>Richardson Drug, et al.</u>
v. <u>Chas. Pfizer & Co., et al.</u>, No. 68-744-G be, and it is hereby
transferred to the Southern District of New York and assigned
to the Honorable Inzer B. Wyatt, District Judge.

All concur.

## SCHEDULE A

### District of Massachusetts

1. City of Boston
      v.
   Chas. Pfizer & Co., et al.                     C.A. 68-105-G

2. Commonwealth of Massachusetts
      v.
   Chas. Pfizer & Co., et al.                     C.A. 68-116-G

### District of Kansas

3. State of Kansas
      v.
   Chas. Pfizer & Co., et al.                     C.A. T-4404

### District of New Jersey

4. Continental Vitamin Corp.
      v.
   American Cyanamid Co., et al.                   C.A. 936-63

### Eastern District of Pennsylvania

5. City of Philadelphia and City of Detroit
      v.
   Chas. Pfizer & Co., et al.                     C.A. 68-144

6. Fort Pierce, Florida, General Hospital -
   Deborah Hospital
      v.
   Chas. Pfizer & Co., et al.                     C.A. 68-452

7. <u>Sidney Hillman Labor Council</u>
   v.
   <u>Chas. Pfizer & Co., et al.</u>                C.A. 68-162

8. <u>Kent Pharmaceuticals</u>
   v.
   <u>Chas. Pfizer & Co., et al.</u>                C.A. 68-384

## Northern District of Illinois

9. <u>City of Baltimore</u>
   v.
   <u>Chas. Pfizer & Co., et al.</u>                C.A. 68C 758

10. <u>State of Maryland</u>
    v.
    <u>Chas. Pfizer & Co., et al.</u>               C.A. 68C 757

11. <u>State of New Mexico</u>
    v.
    <u>Chas. Pfizer & Co., et al.</u>               C.A. 68C 822

12. <u>Cotler Drugs, et al.</u>
    v.
    <u>Chas. Pfizer & Co., et al.</u>               C.A. 68C 220

13. <u>State of Connecticut</u>
    v.
    <u>Chas. Pfizer & Co., et al.</u>               C.A. 68C 1181

## Southern District of Iowa

14. <u>State of Iowa</u>
    v.
    <u>Chas. Pfizer & Co., et al.</u>               C.A. 8-2130-C-2

## Northern District of Texas

15. **State of Texas**
    v.
    **Chas. Pfizer & Co., et al.**                    C.A. 3-2165

## Northern District of California

16. **City of San Francisco**
    v.
    **Chas. Pfizer & Co., et al.**                    C.A. 48909

17. **State of California**
    v.
    **Chas. Pfizer & Co., et al.**                    C.A. 49044

18. **Bidart Bros.**
    v.
    **Chas. Pfizer & Co., et al.**                    C.A. 49145

19. **Los Angeles County**
    v.
    **Chas. Pfizer & Co., et al.**                    C.A. 49670

## Central District of California

20. **American Medical Enterprises**
    v.
    **Chas. Pfizer & Co., et al.**                    C.A. 67-1365-R

21. **Benalen**
    v.
    **Chas. Pfizer & Co., et al.**                    C.A. 67-793-R

22. **Domaro**
    v.
    **Chas. Pfizer & Co., et al.**                    C.A. 67-1366-R

*297 · 4. Supp. 1126*

**FILED**

NOV 22 1968

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION



JUDICIAL PANEL FOR
MULTIDISTRICT LITIGATION
PER

IN RE MULTIDISTRICT CIVIL ANTITRUST )
ACTIONS INVOLVING ANTIBIOTIC DRUGS  )      DOCKET NO. 10

OPINION AND ORDER TRANSFERRING MULTIDISTRICT
CIVIL ACTIONS UNDER SECTION 1407,  TITLE 28,
UNITED STATES CODE, TO THE SOUTHERN DISTRICT
OF NEW YORK

---

BEFORE ALFRED P. MURRAH AND JOHN MINOR WISDOM, CIRCUIT
JUDGES, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM
H. BECKER, AND JOSEPH S. LORD, III, DISTRICT JUDGES

---

PER CURIAM

On September 18, 1968, a hearing was held on the
motion of certain defendants in the above-captioned
litigation to transfer all cases (except those already
pending in that district) to the Southern District of
New York for pretrial purposes pursuant to 28 U.S.C.
§1407.  On October 21, 1968, the Panel ordered all such
cases transferred to the Southern District of New York
and assigned to the Honorable Inzer B. Wyatt with the
consent of the chief judge of that court.  *In re Multi-
district Civil Antitrust Actions Involving Antibiotic
Drugs,* _____ F. Supp. _____ (Judicial Panel on Multi-
district Litigation, 1968).

- 2 -

The three cases listed on Schedule B were not included in that order since they were filed subsequent to order setting the matter for hearing on September 18, 1968.  Counsel for the parties have filed with the clerk of the Panel written consents to the transfer of these three cases to the Southern District of New York and have waived further argument with respect to such a transfer.

It is manifest that these three cases involve issues of fact common to each other and to the previously transferred cases.  Their transfer to the Southern District of New York for coordinated or consolidated pretrial proceeding will clearly be *for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.*

IT IS THEREFORE ORDERED that the treble damage actions listed on the attached Schedule B be, and they are hereby, transferred for pretrial purposes to the Southern District of New York and with the consent of that court heretofore filed with the clerk of the Panel, assigned to the Honorable Inzer B. Wyatt.

Attachment

*299   F. Supp. 1403*

**FILED**

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

APR 3 1969

JUDICIAL PANEL FOR
MULTIDISTRICT LITIGATION
*FOR*
*PROVISIONAL CLERK*



IN RE MULTIDISTRICT CIVIL ANTITRUST )
ACTIONS INVOLVING ANTIBIOTIC DRUGS  )      DOCKET NO. 10

OPINION AND ORDER TRANSFERRING MULTIDISTRICT
CIVIL ACTIONS UNDER SECTION 1407, TITLE  28,
UNITED STATES CODE, TO THE SOUTHERN DISTRICT
OF NEW YORK

―――――――――――

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, AND WILLIAM H. BECKER,
JUDGES OF THE PANEL

―――――――――――

PER CURIAM


        Following notice to all counsel in the then pending

cases, an initial hearing in this litigation was held on

September 18, 1968 in Washington, D. C.  On October 21, 1968

an opinion and order was filed transferring twenty-three

cases to the Southern District of New York and assigning

them to the Honorable Inzer B. Wyatt for coordinated or

consolidated pretrial proceedings.  *In re Antibiotic Drug*

*Litigation,* ____ F. Supp. ____ (Jud. Pan. Mult. Lit. 1968).

Twenty-four *tag along cases* were subsequently transferred

without opposition to the Southern District of New York

and assigned to Judge Wyatt pursuant to 28 U.S.C. §1407.

- 2 -

On December 12, 1968 and January 28, 1969, counsel
for the parties in certain cases, including those on the
attached list, were ordered to *show cause* why those cases
should not be transferred to the Southern District of
New York on the basis of the September 18, 1968 hearing
and for the reasons stated in the October 21, 1968 opinion
and order.  Counsel for the plaintiffs in each of the cases
on the attached list filed responses to this order opposing
the proposed transfer.

A hearing was scheduled for February 28, 1969 to con-
sider the plaintiffs' objections to the proposed transfer
and counsel for all parties were notified.[1]  The only
attorney appearing at the hearing who opposed the proposed
transfer represented the plaintiffs in the four Minnesota
cases.[2]  All other cases were submitted on the written
opposition filed by counsel  for the objecting plaintiffs
and the responses thereto filed by counsel for the
defendants.

We are convinced that these ten cases, like the initial
group of cases, meet "the standards for transfer for pretrial
purposes to a single district" and should be transferred to

[1]   The plaintiff in one of the cases, *Beins d/b/a Waverly
Drug, et al. v. Chas. Pfizer & Co., Inc., et al.,* subsequently
withdrew its opposition to the proposed transfer and that
case has been transferred to the Southern District of New
York under Section 1407.
[2]   Counsel for certain of the defendants also appeared and
briefly commented on the objections raised by the plaintiffs.

- 3 -

the Southern District of New York for consolidated or coordinated pretrial proceedings.

Counsel for the plaintiffs in the *Cedars of Lebanon Hospital* and *Jackson Hospital cases* assert that transfer of those cases would not be for the convenience of those plaintiffs and its witnesses. "Of course, it is to the interest of each plaintiff to have all of the proceedings in *his* suit handled in *his* district. But the Panel must weigh the interests of all the plaintiffs and all the defendants and must consider multiple litigation as a whole in the light of the purpose of the law." *In re Children's Books*, _____ F. Supp. _____, _____ (Jud. Pan. Mult. Lit 1968). We are satisfied that the convenience of *all* parties and *all* witnesses will be served by the transfer of these cases to New York.

These ten cases all contain class action claims brought under Rule 23, Federal Rules of Civil Procedure. Counsel for all plaintiffs urge that the transferor court be allowed to determine the scope and status of the class action claims.[3]

---

[3] Counsel for the Arizona plaintiffs urge only that the *initial* class action determination should be made by the local court subject to redetermination by the transferee court. We need not decide whether a judge who anticipates that a case assigned to him will soon be transferred under Section 1407 should abstain from determining class action questions. But where, as here, the potential transferor court has stayed further proceeding pending Panel action, it seems clear that the just and efficient conduct of such a case will be advanced by a prompt transfer of the action so that the transferee court can proceed with its determination of the class action question.

- 4 -

Section 1407 does not authorize the separation of *issues*
and the retention of the class action questions by a trans-
feror court "would make possible, and perhaps probable,
pretrial chaos and conflicting class action determination
which Section 1407 was designed to make impossible." *In re
Plumbing Fixture Litigation,* ____ F. Supp. ____, ____
(Jud. Pan. Mult. Lit. 1968).

Counsel for the plaintiffs in the *Lee Prescription
Shop cases* additionally urge that one of those two cases
should not be transferred since it was initially brought
under state antitrust law in a state court and was later
removed to federal court by the defendants. "The fact that
the cause is in the district court by removal from a state
court has no bearing on a motion to transfer (under 28 U.S.C.
§1404(a)). Once removed, the action proceeds as if it had
been brought in the federal court originally." Chicago R. I.
& P. R. Co. v. Igoe, 212 F.2d 378, 382 (7th Cir., 1954). We
see no reason why this rule is any less applicable to trans-
fers under 28 U.S.C. §1407.[4/] The real question is whether
this action lacks the commonality of factual questions
which permeate the other cases. The factual allegations
in the state complaint are identical with those in the

---

[4/]  A motion to remand this case to the state court has been
filed in the Southern District of Florida but disposition of
it has been stayed pending Panel action. We can perceive no
reason why the transferee court will not be able to make a
just and speedy determination of this pending motion once the
case has been transferred to it.

- 5 -

complaint filed in federal court under federal antitrust
law and are not unlike those made in the vast majority of
these cases.  The plaintiff does not contend that the
*factual* issues presented in its state case  are in any
way different from those presented in the federal case.
Different legal theories present no bar to transfer under
Section 1407 where common questions of fact are present.
*In re American Airlines Disaster at Greater Cincinnati
Airport,* _____ F. Supp. ____ (Jud. Pan. Mult. Lit. 1968).
In addition, both cases are purported class actions
involving a class composed of "all persons, businesses,
institutions or other entities whose activities require
that they purchase broad spectrum antibiotic . . . for
purpose of resale. . . ."  This purported class conflicts
with other class action claims which are now before the
Southern District of New York and the resolution of these
conflicting class action claims by a single court will clearly
promote just and efficient conduct of these cases.

Counsel representing plaintiffs in the four Minnesota
cases initially opposed transfer so that the class action
questions could be resolved in the transferor court.  At
oral argument, however, counsel abandoned his objections to
the transfer of the *St. Luke's Hospital case* but opposed
the transfer of the remaining three cases on the ground

- 6 -

that these cases do not involved antibiotic drugs for human
consumption but rather for use in animal feed and therefore
raise factual questions entirely unrelated to those presented in
the cases previously transferred to the Southern District of
New York.[5]

A somewhat similar argument was advanced by the
plaintiff in *Kent Pharmaceuticals v. Chas. Pfizer & Co.,
Inc., et al.* who asserted that its case was different from
the rest of the pending cases because it was brought by an
excluded competitor rather than by a consumer.  This differ-
ence was held insufficient to deny transfer and we believe
that in these three cases, as in the Kent case, "common
questions of fact in respect to the conspiracy, economic
conditions, and level of what prices would be in the absence
of the conspiracy remain." *In re Antibiotic Drug Litigation,*
_____ F. Supp. ____, ____ (Jud. Pan. Mult. Lit. 1968).

Similarly the *short line defendants* in the plumbing
fixture cases sought exclusion from the proposed transfer
on the ground that the claims against them arose from a
separate criminal indictment.  In rejecting this contention
we pointed out these cases were not unrelated to the other
group of cases but that there were "questions of fact common

[5] One of the cases previously transferred from the Southern
District of California, *Bidart Bros. v. Chas. Pfizer & Co.,
Inc., et al.,* was brought as a class action on behalf of all
raisers of livestock in the State of California, although this
difference was not urged as a bar to the transfer of that
case.  We have been advised that the case has been dismissed
by the plaintiff.

- 7 -

to the 39 actions on economic, technical and conspiratorial issues." *In re Plumbing Fixture Litigation*, ____ F. Supp. ____, ____ (Jud. Pan. Mult. Lit. 1968). We do not believe the agricultural cases are unrelated to the human consumption cases as both involve, at a minimum, common questions of fact with regard to the alleged conspiracy.

If these cases are to be transferred, counsel for the plaintiffs urge us not to "bind Judge Wyatt's hands" but to permit him to treat these cases independently. If Judge Wyatt determines that the *agricultural cases* should be treated separately he is of course free to do so and these cases may be remanded to Minnesota for trial as soon as all common discovery has been completed. We merely hold that there are sufficient common questions of fact to merit consolidated pretrial proceeding as to those common questions of fact.

IT IS THEREFORE ORDERED that the cases listed on the attached Schedule D-1 be and they are hereby transferred under Section 1407 to the Southern District of New York and with the consent of that court assigned to the Honorable Inzer B. Wyatt.


Attachment

SCHEDULE D-1

## SOUTHERN DISTRICT OF FLORIDA

Cedars of Lebanon Hospital Corp. v.          Civil Action
    Chas. Pfizer & Co., Inc., et al.          No. 68 1131

Lee's Prescription Shops, Inc., et al. v.    Civil Action
    Chas. Pfizer & Co., Inc., et al.          No. 68-1224-CIV

Lee's Prescription Shops, Inc., et al. v.    Civil Action
    Chas. Pfizer & Co., Inc., et al.          No. 68-1340-CIV

## MIDDLE DISTRICT OF ALABAMA

Jackson Hospital & Clinic, Inc., et al. v.   Civil Action
    Chas. Pfizer & Co., Inc., et al.          No. 2809-N

## DISTRICT OF ARIZONA

Arizona Foundation for Neurology and         Civil Action
    Psychiatry, et al. v. Chas. Pfizer & Co., No. 6967-PHX
    Inc., et al.

The County of Maricopa v. Chas. Pfizer       Civil Action
    & Co., Inc., et al.                       No. 6961-PHX

## DISTRICT OF MINNESOTA

St. Lukes Hospital, et al. v. American       Civil Action
    Cyanamid Co., et al.                      No. 68 408

Doughboy Industries, Inc., et al. v.         Civil Action
    American Cyanamid Co., et al.             No. 68 409

Minnesota Fur Foods Cooperative, et al. v.   Civil Action
    American Cyanamid Co., et al.             No. 68 410

The Grange Company, et al. v. American       Civil Action
    Cyanamid Co., et al.                      No. 68 411

*301   F. Supp. 1158*

**CORRECTED**

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
**FILED**
JUL 9 1969
PATRICIA D. WILL
CLERK

IN RE MULTIDISTRICT CIVIL ANTITRUST  )
ACTIONS INVOLVING ANTIBIOTIC DRUGS   )      DOCKET NO. 10

OPINION

---

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM*,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER AND
JOSEPH S. LORD, III, JUDGES OF THE PANEL

---

PER CURIAM

On October 21, 1968 following notice and hearing, the
Panel ordered 22 cases pending in nine different districts
transferred under 28 U.S.C. §1407 to the Southern District
of New York and assigned to Judge Inzer B. Wyatt of that court.
Since then forty-nine other cases have been transferred to the
Southern District of New York and assigned to Judge Wyatt.
In addition thirty cases were originally commenced in that
district and these too have been assigned to Judge Wyatt.

On February 6, 1969 the defendants made a tentative
settlement offer totalling $100,000,000 premised upon the
establishment of class actions embracing all potential claims
against the defendants.  The settlement proposal further
provides that if some of the class members request exclusion and
do not otherwise participate in the settlement there shall be

    * Although he was unable to be present at the Denver
    hearing, Judge Wisdom has, with the consent of the
    parties, participated in this decision.



- 2 -

an appropriate reduction in the size of the settlement fund.
On May 23, 1969 Judge Wyatt entered an order establishing
certain procedures for the administration of the settlement
and the establishment of the class actions. *State of West
Virginia v. Charles Pfizer et al.* ____F.R.D.____(S.D.N.Y.)

On March 24, 1969 the Panel entered a *conditional transfer
order*[1]/ transferring the *State of Washington case* from the
Western District of Washington to the Southern District of
New York.  Counsel for the plaintiff opposed the proposed
transfer and an order was entered staying the execution of the
*conditional transfer order* "until further order of this Panel."
At the request of counsel for the plaintiff a hearing was held
on May 23, 1969 in Denver, Colorado.

On May 14, 1969 a conditional transfer order was entered
transferring the *Group Health Cooperative of Puget Sound* case
from the Western District of Washington to the Southern District
of New York.  On May 23, 1969, the same day that the State
of Washington case was being argued in Denver, counsel for
this plaintiff filed their opposition to the proposed transfer
of this case with the clerk in Washington, D. C.  Plaintiff's
Counsel advised the clerk that a hearing would not be required
in connection with the *Group Health Case* as the arguments made

_____

1/ The conditional transfer order and its use are more fully
described in *In Re Gypsum Wallboard Cases* _____Fed. Supp._____
(Jud. Pan. Mult. Lit. 1969)

- 3 -

in the State of Washington case were equally applicable to the
*Group Health Case.*

Without in any way critisizing Judge Wyatt for his
handling of this litigation up to the present time, counsel
for the plaintiffs urge that the task of administering the
settlement program *and* conducting pretrial proceedings in the
non-settling cases is too great for any one judge.  The plaintiffs
have indicated that they will not participate in the settlement
program and wish to expedite pretrial proceedings so that these
cases can be tried without undue delay.  In the memorandum in
support of their opposition to the transfers, counsel for the
plaintiffs requested that these two cases either be left in
the Western District of Washington or that they and the other
non-settling cases be transferred to a separate district and
assigned to another judge, preferably on the West Coast. 3/

Without minimizing the tremendous burden placed on a single
judge by such a mass of litigation, we see no reason for
fragmenting this litigation at the present time.  In addition
to the present difficulty in discerning the settling and non-
settling parties, the partitioning  of the cases could lead to
conflicting class actions, a situation which §1407 was designed
to prevent.  *In Re Plumbing Fixture Cases* _____Fed.Supp._____
(Jud. Pan. Mult. Lit. 1968)  None of the parties in the non-
settling cases has requested Judge Wyatt to proceed with pretrial

_____

3/ This request was seemingly abandoned by counsel in argument
before the Panel as he merely emphasized the enormity of Judge
Wyatt's task and suggested that another judge be made available if
necessary.

- 4 -

discovery and there is absolutely no indication that Judge
Wyatt is unwilling or unable to conduct pretrial proceedings
in the non-settling cases *while* supervising the administration
of the settlement program.

   The motions to vacate the conditional transfer orders of
March 24, 1969 and May 14, 1969 are denied; the stays of
those orders are hereby lifted and the Clerk of the Panel
is directed to transmit them forthwith to the Clerk of the
Southern District of New York for filing and distribution
pursuant to §1407.

303 · F. Supp. 1056

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
AUG 21 1969
PATRICIA D. WILT
CLERK

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE MULTIDISTRICT CIVIL ANTITRUST ')
LITIGATION INVOLVING ANTIBIOTIC DRUGS )
                                       )   DOCKET NO. 10
*Jack England v. Charles Pfizer & Co., Inc.,* )
*et al.*, W.D. Ark., Civil No. ED-69-C-8    )

OPINION AND ORDER

---

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM*,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III*, JUDGES OF THE PANEL

---

PER CURIAM

The complaint filed on March 21, 1969 disclosed that
the above-captioned case was related to litigation which had
previously been transferred to the Southern District of New
York for consolidated or coordinated pretrial proceedings under
§1407. *A conditional transfer order* was entered on May 14, 1969
transferring this case to the Southern District of New York
on the basis of prior hearings held by the Panel in connection
with this litigation and for the reasons stated in the previous
transfer orders and opinions.[1/] This order was automatically



---

*    Judges Wisdom and Lord were unable to attend the hearing in
Denver, Colorado but with the consent of all parties they have
participated in this decision.

1/    *In re Antibiotic Drugs,* 295 Fed. Supp.1402 (JPML 1968); 297 Fed.
Supp. 1126(JPML 1968); ___Fed. Supp.___(JPML April 3, 1969); ___Fed.
Supp.___(JPML July 9, 1969)

- 2 -

stayed ten days to permit any party to oppose the transfer if
it wished to do so. Counsel for the plaintiff filed a motion
to vacate the *conditional transfer order* and that order was
stayed until further order of the Panel. Counsel for the
plaintiff also requested a hearing on its objection to the
proposed transfer and the matter was set for hearing during
the regular July session held in Denver on July 25, 1969.

In his original brief opposing the transfer counsel
for the plaintiff contended that the transfer of this case to
the Southern District of New York would neither be for the
convenience of parties and witnesses nor would it promote the
just and efficient conduct of this action. Counsel further
asserted that the only parties who would be convenienced by the
transfer are the defendants but that the transfer of this case
would cause the plaintiff and its attorney additional expense and
inconvenience. Of course we realize that each plaintiff would
prefer to have all of the proceedings in *his* suit handled in
*his* district. "But the Panel must weigh the interests of all
the plaintiffs and of all the defendants, and must consider
multiple litigation as a whole in the light of the purposes of
the law." *In re Library Editions of Children's Books* 297 Fed.
Supp. 385, 386(JPML 1968). We also recognize that some extra
expense and inconvenience will be involved in counsel's travel
to New York for pretrial conferences but we believe that this
expense and inconvenience will be more than offset by savings
from, and convenience of coordinated and consolidated pretrial

- 3 -

proceedings directed by the transferee judge. *In re Antibiotic Drugs,* 295 Fed. Supp. 1402, 1404(JPML 1968).

Counsel is also concerned about the great burden which has been imposed on Judge Wyatt by the assignment of these many cases to him and he apparently fears that the *nonsettling cases* will be ignored while Judge Wyatt concentrates on administering the settlement program. As we have recently pointed out "none of the parties in the nonsettling cases have requested Judge Wyatt to proceed with pretrial discovery and there is absolutely no indication that Judge Wyatt is unwilling or unable to conduct pretrial proceedings in the nonsettling cases *while* supervising the administration of the settlement program." *In re Antibiotic Drug Litigation* ___Fed. Supp.___(JPML July 9, 1969)(slip opinion at pages 3 & 4).

In his supplemental brief counsel urges that his case lacks the predicate *common questions of fact* with the other drug cases which have been filed in, or transferred to the Southern District of New York  since this is a case involving drugs used in poultry feed[2/]rather than drugs for human consumption. Perhaps

_____
[2/]      In addition to the original and intervening plaintiffs this action was commenced as a class action in which the plaintiffs purport to represent a class consisting of "all livestock and poultry feed manufacturers, mixers and compounders, all poultry hatcheries, poultry raisers, poultry feeders, poultry egg producers, poultry processors, animal and livestock breeders, animal and livestock raisers, animal and livestock feeders, and animal and livestock processors located in the United States of America and elsewhere, who have purchased, paid for and used (any one or more of such activities) broad spectrum antibiotics or broad spectrum antibiotic products, directly or indirectly, during the period in suit and have sustained damage as a result of the monopoly, combination and conspiracy herein alleged.

- 4 -

the most important question of fact common to the *agricultural cases* is whether or not they can rely on the prior criminal convictions of these defendants in the Southern District of New York.  In excluding this class of plaintiffs from their settlement offer, the defendants have indicated that they do not believe that agricultural products were included in the criminal actions.  The plaintiffs on the other hand hope to rely on the criminal conviction.[3/]  In any event we have already held that the *agriculture cases* are sufficiently *factually* related to the *human consumption cases* to justify their transfer for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407.  *In re Antibiotic Drug Litigation* ___Fed. Supp.___ (JPML April 3, 1969).  We are constrained to add that the very broad class action claims presented in the instant case are in potential conflict with the agricultural cases previously trans-ferred to the Southern District of New York.  The transfer of all such cases to a single district will eliminate the possibility of conflicting or overlapping class actions.  See *In re Plumbing Fixture cases* 298 Fed. Supp. 484(JPML 1968).

We have no doubt that the transfer of this case to the Southern District of New York for coordination and consolidation with the other cases filed or transferred there under §1407 will

---

3/    In another setting it was the defendants who opposed transfer on the ground that the civil actions were broader than the gov-ernment indictment.  We pointed out that "genuine common questions of fact do not depend upon the limits or breadth of the indictment or convictions in any case."  *In re East of the Rockies Concrete Pipe Litigation* ___Fed. Supp.___(JPML 1969)(Filed May 23, 1969, slip opinion at page 9).  See also Leh v. General Petroleum Corp., 382 U.S. 56.

*309 F. Supp. 155*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
F I L E D

**JAN 3 0 1970**

PATRICIA D. HOWARD
CLERK OF THE PANEL

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE MULTIDISTRICT CIVIL ANTITRUST    )
ACTIONS INVOLVING ANTIBIOTIC DRUGS    )    DOCKET NO. 10

*United States v. Charles Pfizer,*    )
*et al.,* D. D.C., Civil Action No.    )
1966-69    )

OPINION AND ORDER
———————

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, AND
JOSEPH S. LORD, III, JUDGES OF THE PANEL

———————

PER CURIAM

On July 15, 1969 the United States filed a three count
civil action in the United States District Court for the
District of Columbia against the same seven drug companies[1]/
that are defendants in more than 125 private treble damage
antitrust actions originally filed in or transferred to the
Southern District of New York for coordinated or consolidated
pretrial proceedings under 28 U.S.C. Section 1407. All
defendants have joined in a motion to transfer this action to
the Southern District of New York under Section 1407. The
Government vigorously opposes the transfer of this action to



———————
[1]/    Charles Pfizer & Co., Inc., American Cyanamid Company,
Bristol-Myers Company, Olin Mathieson Chemical Corporation,
Squibb Beech-Nut, Inc., E. R. Squibb & Sons, Inc., and the
Upjohn Company.

- 2 -

the Southern District of New York.  A hearing was held in
Philadelphia on December 8, 1969 to consider the transfer and
all parties in this mulitidistrict litigation were notified.

Although combined in a single complaint, each of the three
counts states a separate cause of action, requests different
relief and involves different defendants.  We have therefore
separately considered the possible transfer of each count or
claim for relief.

Count I names Pfizer as the sole defendant and seeks
cancellation of Pfizer's tetracycline patent "on the grounds
that the patent was procured by fraud in that Pfizer, in the
course of prosecuting its patent application, made false and
misleading statements to, and withheld material information
from, the Patent Office but for which conduct no patent would
have issued."  Counsel for the Government stresses the uniqueness
of the relief requested in Count I while counsel for Pfizer
stresses the fact that most of the private actions also allege
"fraud on the Patent Office" as one of the offenses committed
by the defendants.[2/]  Of course, the applicability of different

_____
[2/]  For example, the plaintiffs in *Ford Hopkins, et al. v. Chas.
Pfizer & Co., Inc., et al.* (filed in the Northern District of
Illinois and transferred to the Southern District of New York
under section 1407) charge that "Pfizer and Cyanamid and Bristol
withheld pertinent and material information from the Patent
Office and otherwise misled the Patent Office prior to the
issuance of Pfizer's Tetracycline patent."

- 3 -

legal principles will not prevent the transfer of an action
under section 1407 if the requisite *common questions of fact*
exist.  *In the Matter of Westec Corporation*, _____ F. Supp.
_____ (J.P.M.L. 1969).

But conceding the existence of some common questions of
fact with respect to "fraud on the Patent Office" claims, it
does not appear that any additional discovery will be required
in connection with Count I.[3/]  We are convinced that the just
and efficient conduct of all of the civil actions involved in
this multidistrict litigation will be best served by severing
the patent cancellation claim (Count I) and leaving it in the
United States District Court for the District of Columbia.

The remainder of this action (Count II and Count III) is
brought by the Government "in its capacity as a direct purchaser
of broad spectrum antibiotics . . . and as the party providing
funds for the purchase of such products by various agencies
under federally assisted programs and pursuant to various
foreign aid programs."

Count II is denominated as a "common law action of deceit"
and as such would not be subject to the four year statute of
limitations applicable to Count III.  *Cf. United States v.
Grinnell* (S.D. N.Y., October 20, 1969).  Like Count III, it is

_____

[3/]  During oral argument counsel for the Government informed
us that the Government intended to file a motion for summary
judgment on Count I.

- 4 -

an action for damages but, like Count I, it is based on a
"fraud on the Patent Office" claim.  As the majority of the
private damage actions include substantially identical allega-
tions, we are satisfied that Count II raises sufficient common
questions of fact to justify its transfer.

Counsel for the Government emphasizes that Count III[4/] is
based solely on the commercial exploitation of the tetracycline
patent which was allegedly procured by fraud on the Patent
Office.  A comparison of the offenses charged under Count III
(Government Complaint, pp. 35-39) to those contained in the
majority of the private actions in this multidistrict litigation
reveals the existence of numerous, complex common questions of
fact.[5/]   There can be little doubt that all discovery relating
to these common questions of fact should be coordinated by a
single court.

---

4/   Count III is brought under Section 4A of the Clayton Act
(15 U.S.C. §15A) and is thus specifically excluded from the
statutory bar contained in section 1407(g).
5/   Factual allegations common to Count III and, for example,
the Ford Hopkins complaint, *supra*, include:
     (1) that Cyanamid refused to grant licenses for the
manufacture of Aureomycin to anyone but Pfizer & Bristol;
     (2) that Pfizer refused to grant licenses for the
manufacture of tetracycline to anyone but Cyanamid and
Bristol;
     (3) that Cyanamid and Bristol fraudulently assisted
Pfizer in obtaining its tetracycline patent;
     (4) that Pfizer committed "fraud on the Patent Office"
with regard to its tetracycline patent; and
     (5) that Bristol refused to sell bulk tetracycline to
anyone but Squibb and Upjohn.

- 5 -

There is an additional reason for transferring Counts II
and III to the Southern District of New York.  Under both of
these counts the Government seeks to recover money damages
resulting from the purchase of broad spectrum antibiotics by
"various agencies under federally assisted programs."  Many
of the recipients of these federal funds, including virtually
all the fifty states, have brought their own actions for damages
based in part on *the same purchases*.  Thus even *transaction data*
will, to some degree, be common to the Government action and
to those actions brought by states and political subdivisions
and agencies thereof.  In addition, the transfer of Counts II
and III will eliminate possible overlapping recoveries based
on the same purchases.

The Government also suggests that the transfer of this
action to the Southern District of New York and its assignment
to Judge Inzer Wyatt would add substantially to the "staggering
burden" of processing the numerous actions already assigned to
him.  The burden is indeed a heavy one but we can take judicial
notice of the fact that Judge Wyatt is capably overseeing not
only the settlement of the majority of these actions but also
discovery and other pretrial proceedings in the *non-settling
cases*.  We believe that Counts II and III are so closely
related to the actions already assigned to Judge Wyatt that
their assignment to him will not significantly increase the
burden created by this assignment of the multidistrict litiga-
tion to him.

IT IS THEREFORE ORDERED that this action be and the same is hereby transferred to the United States District Court for the Southern District of New York and with the prior consent of that court assigned to the Honorable Inzer B. Wyatt for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. Section 1407.

IT IS FURTHER ORDERED that the claim embodied in Count I of the Government complaint is seperated and remanded to the United States District Court for the District of Columbia pursuant to 28 U.S.C. Section 1407(a).

320 F. SUPP. 586

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

IN RE MULTIDISTRICT CIVIL ANTITRUST )
ACTIONS INVOLVING ANTIBIOTIC DRUGS  )

DEC -2 1970

DOCKET NO. 10

PATRICIA D. HOWARD
CLERK OF THE PANEL

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD
WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, AND JOSEPH S. LORD,
III*, JUDGES OF THE PANEL

PER CURIAM

More than one hundred and fifty related civil antitrust
actions have been transferred to the Southern District of New
York and assigned to Judge Inzer B. Wyatt for coordinated or
consolidated pretrial proceedings under 28 U.S.C. §1407. *In re
Antibiotic Drug Litigation*, 309 F. Supp. 155 (1970), 303 F. Supp.
1056 (1969), 301 F. Supp. 1158 (1969), 299 F. Supp. 1403 (1969),
and 295 F. Supp. 1402 (1968). All of these actions are to some
degree  related to the 1958 Federal Trade Commission proceedings
and to the 1961 criminal antitrust prosecution which resulted in
a conviction later reversed on appeal. *U.S. v. Charles Pfizer &
Co.*, 426 F.2d 32 (2d Cir. 1970).

On September 29, 1970 orders and judgments were filed in
sixty-six of these actions approving previously proposed settle-
ments and dismissing them with prejudice.  Notices of appeal have
been filed in many if not all of these actions. Approximately

---

*        Judge Joseph S. Lord, III, was unable to attend the hearing
in this matter but has, with the consent of all parties appearing
at the hearing, participated in this decision on the basis of the
pleadings and the transcript of the hearing.

2

twenty-eight other actions are in the process of being settled.
The remaining fifty-eight cases,1/ many of which seek *class
action status*, are not included in the various settlements either
because the plaintiffs rejected the settlement offer of, for
example, in the *farm cases*,2/ because the settlement offer was
not extended to them.

On October 2, 1970 the *non-settling* plaintiffs' "National
Steering Committee" filed a motion with the Panel for an order
retransferring all *non-settling cases* previously transferred to
the Southern District of New York under §1407 and transferring
all *non-settling* actions filed in the Southern District of New
York to the District of Minnesota or to another district, pre-
ferably in the West or Midwest.  Because of the decision herein
denying this request, we do not decide whether such a second

_____

1/  The number of *settling cases* may be increased by one and the
*non-settling cases* decreased by one if the motion in the *French
Hospital Case* is granted and that action included in the private
hospital settlement.

2/  The farm or agricultural cases involve purchases of antibiotic
drugs used in animal feed and feed supplements.  The following ac-
tions are included in this group:  The *Anderson Cattle Company Case*
transferred from the District of Kansas;  the *Balfour, Guthrie Case*
transferred from the Northern District of California; the *Burgess
Poultry Market Case* transferred from the Western District of Texas;
the *Doughboy Industries Case*, the *Hoffert Case*, the *Grange Company
Case*, the *Midwest Veterinary Supply Case*, and the *Minnesota Fur Food
Case* - all transferred from the District of Minnesota; the *Edwards
Bros. Case* transferred from the Eastern District of North Carolina;
the *Jack England Case* transferred from the Western District of
Arkansas; the *Missouri Farmers Association Case* transferred from
the Western District of Missouri; the *Kenneth Murray Company Case*,
the *Philips Case* and the *Rutledge Ranch Case* - all transferred from
the Northern District of Alabama; the *A. C. Smith Poultry Company
Case* transferred from the Northern District of Georgia; the *Sylvan
Acres Case* transferred from the Northern District of Illinois; and
the *Marshall Durbin Case* transferred from the Middle District of
Alabama.  Most of these actions were commenced long after the initial
transfer order was filed and several were filed earlier this year.

3

transfer of the same cases is within the power of the Panel.
The eight grounds for the requested relief can be combined into
three:

> (a)  The burden of administering the *settling cases* and
> conducting discovery and other pretrial proceedings in
> the *non-settling cases* coupled with the normal duties
> imposed on Judge Wyatt as a judge of the Southern District
> of New York is "entirely too great a task for any one
> judge."
>
> (b)  Discovery and other pretrial proceedings in the *non-
> settling cases* have not proceeded as rapidly as they should
> have.
>
> (c)  Judge Wyatt's approval of the settlement presents
> "potential barriers to or conflicts with *non-settling*
> plaintiffs' requirement for full discovery...."

Not satisfied with having one judge and one court for the *settling
cases* and another judge and court for the *non-settling cases*, the
States of California, Kansas and North Carolina request that all
*non-settling government cases*[3] be assigned to still another judge
and presumably another district.

After a complete and careful review of the status of this
litigation we have concluded that neither the just and efficient
conduct of this massive litigation nor the convenience of the
parties and their witnesses would be served by granting the
requested relief.  We do recognize that this litigation has
become too large and too complex to be processed by a single
judge and believe that the just and efficient conduct of this

---

[3]  This group includes actions brought by the United States,
and by California, Hawaii, Kansas, North Carolina, Oregon, Utah,
Washington, San Francisco, Los Angeles, and Kansas City, Missouri.
With the exception of the United States, all were invited to join
this settlement and declined to do so.

4

litigation would be best served by assigning the non-settling cases to a second judge.  With the consent and cooperation of the Chief Judges of the affected courts, Judge Miles Lord of the District of Minnesota has been assigned to the Southern District of New York pursuant to 28 U.S.C. §292(c) and the *non-settling cases* will be assigned to him for the completion of coordinated or consolidated pretrial proceedings.4/

It might be well to add a few words about the factors which *have not* influenced our decision to assign the *non-settling cases* to another judge.  First and foremost this decision reflects no dissatisfaction with the way that Judge Wyatt has handled this litigation.  We doubt that any other single judge could have done so well. Certainly no one could have been more conscientious, diligent and scrupulously fair to all parties.

Secondly, we reject the contention raised by the moving plaintiffs that the rulings and comments made by Judge Wyatt in his opinion approving settlement5/ raise "barriers to or conflict with litigating plaintiffs' requirements for full discovery...."  The precise thrust of this argument is not

———————————

4/    While this particular relief was not requested by any party all were placed on notice that such relief was contemplated for the Panel Hearing Order of October 12, 1970 provided, in part, "that at said hearing and on its own initiative the Panel shall consider the assignment of any or all of the actions listed on Schedule A to another judge for completion of coordinated or consolidated pretrial proceedings in the Southern District of New York...."

5/   *State of West Virginia v. Chas. Pfizer & Co.*, 314 F. Supp. 710 (S.D. N.Y. 1970)

5

totally clear.  If the claim is that a judge who has approved
a settlement (which necessarily involves an assessment of the
probability of success) is by that reason alone somehow dis-
qualified from processing the *non-settling case*, we find it
entirely without legal support.  Judges are often called upon
to make preliminary determinations of the merits of the cause
before them, for example in determining motions for restraining
orders or preliminary injunctions, and that alone forms no
basis for disqualification.

If, on the other hand, the claim is that Judge Wyatt has
evidenced a *personal* bias and prejudice toward the *non-settlers*,
the charge is wholly unsupported by record and actually repudiated
by some of the moving plaintiffs.[6]/

We do believe that this litigation has simply become too
massive and burdensome for any one judge to process efficiently
and expeditiously.  Contrary to the defendant's assertion it is

_____

[6]/  For example, the Attorney General of the State of North
Carolina  felt it necessary to submit a letter in which he
emphasizes "that North Carolina's counsel has at all times
been most impressed with the fairness, knowledge, ability, and
patience shown to North Carolina's counsel by the Honorable
Inzer B. Wyatt at all times when North Carolina had any matter
pending in Judge Wyatt's court."

6

clear to us that the task of administering the settlement
has just begun.$\underline{7/}$  Supervision of discovery and other pretrial
proceedings in the *non-settling cases* will likewise create its
own substantial judicial burden.

Turning to the plaintiffs arguments  in support of *transfer*
to Minnesota we find that most of their points are in reality
directed to the proposition that a second judge is needed to
handle the *non-settling cases,* a contention with which we now
agree.  The remaining factors allegedly supporting transfer to
the District of Minnesota are:

(1)  Several of *farm cases* were filed in the District of
Minnesota and all plaintiffs in the *farm cases* have indicated
their willingness to have all such cases consolidated for trial
in Minnesota.

(2)  Only six of the fifty-eight *non-settling cases* were
filed in the Southern District of New York.

(3)  It would be more convenient for *plaintiff's counsel*
to travel to Minnesota than to New York City.

(4)  The court calendar is more current in Minnesota than
in New York.

(5)  Two different circuits should be given an opportunity
to rule on the validity of the settlement proceedings.

---

7/    In response to a similar suggestion during the September 24,
1970 pretrial conference, Judge Wyatt commented as to the work
ahead:  "I think that as far as the settling cases are concerned,
it could by no means be said that they are completed...but the
responsibility still remains with many, many, many problems that
I can foresee in the distribution to class members, the proof of
claims, the disposal of unclaimed amounts.  I can't even predict
the number of problems."  Transcript, pages 98 - 99.

7

(6)   The *plaintiffs* have hired expert witnesses and estab-
lished a document depository in Minneapolis.

(7)   There is no longer a possibility of conflicting class
action decisions.

Actually only the first of these reason gives any real support
to the proposition that the District of Minnesota is a more appro-
priate district for the completion of pretrial proceedings in the
*non-settling cases* than is the Southern District of New York.[8/]
If this were a *new group* of multidistrict litigation it might
be that some of these factors could lead the Panel to select
a district other than the Southern District of New York.  But
where, as here, the litigation has for several years had its
focal point in one court it would take a much stronger showing
than made here to justify retransfer of these cases to another
district.

There are three factors which compel us to leave these
cases in the Southern District of New York.  First there is an
enormous quantity of relevant documents located in New York
City.  The files in these cases alone fill a special file room
in the clerk's office in the Southern District of New York.
More important, the defendants have established a document
depository in New York City in which more than 24,000 documents

---

3/   This argument had sufficient merit for the Panel to ask Judge
Miles Lord, the judge to whom the Minnesota cases were assigned be-
fore their transfer to New York, to accept assignment to the Southern
District of New York so that all *non-settling cases* could be assigned
to him.  In this way Judge Lord can conduct pretrial proceeding in
New York and can, upon completion of pretrial proceeding, try the
*farm cases* in Minnesota.

8

have been deposited.[9]   Finally, of course, the files and
records in the criminal case are also located in New York City.
These factors alone would preclude the transfer of these cases
to any other district in the absence of a strong showing that
some other district had a greater nexus with this litigation.
No other showing has been made here.

Second, when a not dissimilar request was rejected more
than a year ago, the Panel observed the difficulties in "dis-
cerning the *settling* and *non-settling* parties." *In re Antibiotic
Drug Litigation*, 301 F. Supp. 1158, 1160 (JPML 1969).  It is
true that the identity and status of the *settling* and *non-settling*
*cases* are much clearer now than they were a year ago but they are
still subject to some further change.  For example, plaintiff's
joint reply memorandum filed October 22, 1970 points out that
counsel for the plaintiff in the *French Hospital Case* has asked to
have the case removed from the class of miscellaneous *non-settling*
*cases* and transferred to the group of private hospital  and Blue
Cross Plan cases which are involved in settlement proceedings.  While
the number of such transfers might now be small, their problems will
be minimized by keeping all cases in the same court while assigned
to different judges.  Since it now appears that there will be
an appeal from the order and judgment approving the settlement,
it is possible that all *settling* plaintiffs could become *non-*
*settling* plaintiffs.  Should that happen, there can be no doubt

---

[9]   The plaintiffs seem to deprecate the value of this document
depository.  Since is is being maintained at a substantial expense
and inconvenience to the defendant,it  should be closed and docu-
ments returned if it is no longer needed by the plaintiffs.

9

that the maintenance of both parts of this litigation in the same court would facilitate their assimilation into the litigating group.

A final and most persuasive reason for leaving all actions in the same district relates to the ever present potential for conflicting class action determination. One pending case, *Connors et al. v. Pfizer, et al.* is referred to by the defendants as an example of a conflicting class action claim *and* by the National Steering Committee in support of their contention that conflicting class action determinations are no longer possible. As we understand his position,[10]/counsel for Connors, although not appealing from the judgment approving the settlement, may continue to press for class action recognition on behalf of either a nationwide or a statewide class both of which unquestionably overlap with *settlement classes*. Counsel for Connors anticipates that the defendant will move to dismiss his class action claims on the basis that the judgment in the *settling cases* bind all members of those classes who did not actually opt out. Connors will then be able to attack collaterally the validity of the entire settlement proceeding, including the validity of notice both with respect to the requirements of Rule 23 and the Constitutional requirements of due process. This he is, of course, entitled to do, but we do not believe that such a collateral attack should be

---

[10]/  Mr. Scanlon appeared at the hearing in Boston and made a brief statement regarding his class action claims. He also submitted a letter to the Clerk clarifying his position.

10

made in another district and another circuit.[11/]   Where, as
here, different judges will have to rule on potentially con-
flicting and overlapping class action claims, efficient adminis-
tration of justice demands that, if at all possible, a single
court of appeals review these determinations.   Nor are we per-
suaded that the *non-settling* government cases require separate
treatment.   We are certain that Judge Miles Lord will direct
discovery in such a way that pretrial in all *non-settling cases*
will proceed expeditiously and efficiently and without delay or
duplication.

IT IS THEREFORE ORDERED that the motions of the plaintiffs
to transfer the *non-settling* actions to another district is
denied.

IT IS FURTHER ORDERED that all *non-settling* actions listed
on the attached Schedule A are, with the consent of the Chief
Judge of the Southern District of New York and of Judge Inzer B.
Wyatt assigned to the Honorable Miles Lord, United States
District Judge, for further coordinated or consolidated pretrial
proceedings.

---

11/   Counsel is concerned that the Second Circuit may have "pre-
judged" this issue in reviewing the settlement and "would have a
pressure upon them to be consistent in their determination of the
efficacy of the settlement (on collateral attack)."   We cannot
grant counsel's request that the *non-settling cases* be transferred
to another district and circuit so that an *inconsistent* decision
can be obtained.   One of the purposes of section 1407 is to eliminate
"inconsistent judicial treatment."   *In re Fourth Class Postage
Regulation*, 298 F. Supp. 1327 (JPML 1969).

SCHEDULE A                  - 2 -                  DOCKET NO. 10

| | |
|---|---|
| Jack England, d/b/a England Feed & Equipment Co., et al. v. Chas. Pfizer & Co., Inc., et al. (W.D. Ark., No. ED-69-C-8) | Civil Action No. 69 Civ. 3772 |
| The Grange Co., et al. v. American Cyanamid Co., et al. (Minn., No. 4-68-411) | Civil Action No. 69 Civ. 1556 |
| Midwest Veterinary Supply, Inc., et al. v. American Cyanamid Co., et al. (Minn., No. 4-69-75) | Civil Action No. 69 Civ. 1557 |
| Minnesota Fur Foods Cooperative, et al. v. American Cyanamid Co., et al. (Minn., No. 4-68-410) | Civil Action No. 69 Civ. 1559 |
| Missouri Farmers Association, Inc., et al. v. Chas. Pfizer & Co., Inc., et al. (W.D. Mo., No. 17640-4 | Civil Action No. 69 Civ. 4261 |
| Kenneth Murray Co. v. Chas. Pfizer & Co., Inc., et al. (N.D. Ala., No. 69-768) | Civil Action No. 69 Civ. 5685 |
| Guy J. Phelps, Jr. v. Chas. Pfizer & Co., Inc., et al. (N.D. Ala., No. 69-767 | Civil Action No. 69 Civ. 5684 |
| Rutledge Ranch v. Chas. Pfizer & Co., Inc., et al. (N.D. Ala., No. 69-766) | Civil Action No. 69 Civ. 5683 |
| A. C. Smith Poultry Co., et al. v. Chas. Pfizer & Co., Inc., et al. (N.D. Ga., No. 1293) | Civil Action No. 69 Civ. 5574 |
| Sylvan Acres, Inc., et al. v. Chas. Pfizer & Co., Inc., et al. (N.D. Ill., No. 70 C 39) | Civil Action No. 70 Civ. 477 |
| Marshall Durbin Food Corp., et al. v. Chas. Pfizer & Co., Inc., et al. (M.D. Ala., No. 3015-N) | Civil Action No. 70 Civ. 677 |
| Marvin Barkal v. Chas. Pfizer & Co., Inc., et al. (N.D. Ill., No. 69 C 647) | Civil Action No. 69 Civ. 1867 |
| Building Service Union Health & Welfare Trust Fund v. Chas. Pfizer & Co., Inc., et al. (N.D. Calif., No. 51523) | Civil Action No. 69 Civ. 3220 |
| Lester Cronley, et al. v. Chas. Pfizer & Co., Inc., et al. (S.D. Ind., No. IP 69-C-366) | Civil Action No. 69 Civ. 4025 |
| Generic Formulae Inc. v. Chas. Pfizer & Co., Inc. (E.D. N.Y., No. 66 Civ. 640) | Civil Action No. 69 Civ. 1000 |

SCHEDULE A                 - 3 -              DOCKET NO. 10

| | |
|---|---|
| Hawaii Medical Service Association v. Chas. Pfizer & Co., Inc., et al. (E.D. Pa., No. 68 Civ 2799) | Civil Action No. 69 Civ. 838 |
| Sidney Hillman Medical Center of the Male Apparel Industry of Philadelphia v. Chas. Pfizer & Co., Inc., et al. (E.D. Pa., No. 68-162) | Civil Action No. 68 Civ. 4321 |
| International Rectifier Corp., et al. v. American Cyanamid Co., et al. (C.D. Calif., No. 69-2484-HP) | Civil Action No. 70 Civ. 180 |
| Kent Pharmaceuticals, Inc. v. Chas. Pfizer & Co., Inc., et al. (E.D. Pa., No. 68-384) | Civil Action No. 68 Civ. 4320 |
| Bernard & Mark Lachman, et al. v. Chas. Pfizer & Co., Inc., et al. (Md., No. 20971) | Civil Action No. 69 Civ. 3522 |
| Ralph Pfau, d/b/a Victor Pharmacy, et al. v. Chas. Pfizer & Co., Inc., et al. (S.D. Ind., No. IP 69-C-367) | Civil Action No. 69 Civ. 4089 |
| Chas. Pfizer & Co., Inc. v. Richlyn Laboratories Inc. (E.D. Pa., No. 42648) | Civil Action No. 69 Civ. 1315 |
| Chas. Pfizer & Co., Inc. v. Zenith Laboratories, Inc., et al. (N.J., No. 936-63) | Civil Action No. 68 Civ. 4235 |
| Teamsters Security Fund of Northern California, Inc. v. Chas. Pfizer & Co., Inc., et al. (N.D. Calif., No. 51010) | Civil Action No. 69 Civ. 1629 |
| The Republic of Vietnam v. Chas. Pfizer & Co., Inc., et al. (N.D. Ill., No. 70 C 279) | Civil Action No. 70 Civ. 877 |
| Carl F. Dodge & Marlea Dodge v. Chas. Pfizer & Co., Inc., et al. (N.D. Ill., No. 70 C 500) | Civil Action No. 70 Civ. 1306 |
| Malcolm-Gregg Co., Inc., et al. v. Chas. Pfizer & Co., Inc., et al. (N.D. Calif., No. C-70-613WTS) | Civil Action No. 70 Civ. 1605 |
| Thrifty Drug Stores Co., Inc., et al. v. Chas. Pfizer & Co., Inc., et al. (N.D. Calif., No. 70-502AAH) | Civil Action No. 70 Civ. 1604 |
| Bernard Kay, et al. v. Chas. Pfizer & Co., Inc., et al. (S.D. Ohio, No. 70-76) | Civil Action No. 70 Civ. 1409 |
| Valley Clerks Trust Fund v. Chas. Pfizer & Co., Inc., et al. (N.D. Calif., No. C-70-1294LHB) | Civil Action No. 70 Civ. 3157 |


SCHEDULE A                    — 4 —                    DOCKET NO. 10

| | |
|---|---|
| San Francisco Culinary, Bartenders & Service Employees Welfare Fund v. Chas. Pfizer & Co., Inc., et al. (N.D. Calif., No. C-70-1295ACW) | Civil Action No. 70 Civ. 3158 |
| Retail Clerks Local 770 & Food Employers Benefit Fund, et al. v. Chas. Pfizer & Co., Inc., et al. (N.D. Calif., No. C-70-1681ACW) | Civil Action No. 70 Civ. 3738 |
| Bakers Health & Welfare Fund, et al. v. Chas. Pfizer & Co., Inc., et al. (N.D. Calif., No. C-70-1680ACW) | Civil Action No. 70 Civ. 3737 |
| Associated Life Insurance Co. v. Chas. Pfizer & Co., Inc., et al. (N.D. Ill., No. 70 C 368) | Civil Action No. 70 Civ. 1074 |
| Richard X. Connors, et al. v. Chas. Pfizer & Co., Inc., et al. (E.D. Va., No. 70 Civ. 70-A) | Civil Action No. 70 Civ. 1073 |
| The State of Oregon v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 68 Civ. 2370 |
| Hoffa Medical Center v. American Cyanamid Co., et al. | Civil Action No. 69 Civ. 5632 |
| The State of Kuwait v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 69 Civ. 4091 |
| Edward Swayduck, et al. v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 69 Civ. 5154 |
| Union Health Center of New York, et al. v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 69 Civ. 2838 |
| Aetna Life Insurance Co. v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 69 Civ. 3294 |

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION



IN RE ANTIBIOTIC DRUGS )
ANTITRUST LITIGATION )
)
Pfizer Inc. v. International )
Rectifier Corp., et al., )        DOCKET NO. 10
C.D.Cal., Civil Action )
No. 73-58-R )

OPINION AND ORDER

---

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD*, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

---

PER CURIAM

Pfizer recently filed an action in the Central District

of California against International Rectifier and several of its

wholly owned subsidiaries and U.S.V. Pharmaceutical Corp. charging

them with infringement of Pfizer's patent on doxycycline, a broad

spectrum antibiotic sold under the trademark Vibramycin.  Defend-

ants move the Panel for an order transferring this action for

inclusion in the coordinated or consolidated pretrial proceedings

in this litigation before Judge Miles W. Lord in the District of

Minnesota.  On the basis of the papers filed and the hearing held,

we find that this action should be transferred to the District of

Minnesota for pretrial proceedings.[1/]

---

* Although Judge Weinfeld was unable to attend the Panel hearing,
he has, with the consent of all parties, participated in this
decision.

1/ Defendants move for transfer of this action to the Southern
District of New York.  When Judge Lord was assigned the "non-settling"
actions in this litigation by the Panel, he received an intercircuit
assignment to the Southern District of New York to conduct the coor-
dinated or consolidated pretrial proceedings.  Subsequently, Judge
Lord transferred all non-settling actions under Section 1404(a),

- 2 -

Pfizer opposes transfer of this action on the ground that the doxycycline product and patent are not involved in the actions consolidated for pretrial proceedings in Minnesota. It also asserts that the criteria for transfer of this action under Section 1407 have not been satisfied and that International Rectifier is attempting to use the statute to further its own competitive interests.

There are, however, two significant aspects of the doxycycline infringement action and the Minnesota pretrial proceedings which favor transfer to Minnesota.  First, the antitrust allegations asserted as a defense to Pfizer's infringe-ment action involve issues already raised in the so-called "competitor actions" brought against Pfizer and others, which are pending in the transferee court.  To this extent, the doxy-cycline action in California presents issues of fact common to the proceedings in Minnesota.  And, secondly, discovery concerning the doxycycline patent and product, which will be sought by defendants in the California infringement action, is already progressing in the coordinated proceedings under order of the transferee court in Minnesota.  Transfer,

1/   except the so-called "competitor cases" and certain recently filed actions, to the District of Minnesota for all purposes. He also ordered that pretrial proceedings in all actions would be conducted in Minneapolis and that all papers should be filed in the District of Minnesota and would be treated, where necessary, as if they were filed in the Southern District of New York, the original transferee district.  It is clear that unless Judge Lord transfers the remaining actions to Minnesota under Section 1404(a) they will be remanded to the respective transferor districts for trial at the conclusion of the pretrial proceedings.  And that is also true of this infringement action.  We, therefore, find it more expedient to transfer this action to Minnesota for pretrial proceedings.

- 3 -

therefore, will eliminate the possibility of duplicative discovery
proceedings, inconsistent pretrial rulings and conflicting
pretrial conferences. 2/

    In addition, Pfizer intends to move for an order
preliminarily enjoining defendants from manufacturing and marketing
doxycycline.  Although we recognize the complexity of this liti-
gation, we do not agree with plaintiff that, if its action is
transferred to Minnesota, its attempt to enforce its patent will
become "bogged down" in the consolidated proceedings.  Rather,
we are convinced that the transferee judge, who has extensive
familiarity with the issues and the parties involved in this
litigation, is in the best position to schedule the necessary
discovery and to hear the motion for a preliminary injunction
with a minimum of delay and inconvenience to all parties
concerned.

    IT IS THEREFORE ORDERED that the action, Pfizer Inc.
v. International Rectifier Corp., et al., C.D.Cal., Civil Action
No. 73-58-R, be, and the same hereby is, transferred to the
District of Minnesota and assigned to the Honorable Miles W. Lord
for coordinated or consolidated pretrial proceedings with the
actions pending there, pursuant to 28 U.S.C. §1407.

_____

2/  Cf., In re Antibiotic Drugs Antitrust Litigation, 327 F. Supp.
617 (J.P.M.L. 1971)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV -2 1977

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 10

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ANTIBIOTIC DRUG LITIGATION

## ORDER REASSIGNING LITIGATION

At the request of Judge Miles W. Lord, the transferee judge in this litigation, it is hereby ordered that the actions listed on the attached Schedule A be, and the same are hereby, reassigned to Judge Charles R. Weiner of the Eastern District of Pennsylvania sitting by designation in the District of Minnesota pursuant to 28 U.S.C. §292(b) effective October 24, 1977.

FOR THE PANEL:

John Minor Wisdom
Chairman

Schedule A

| | |
|---|---|
| United States v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 4-71 Civ 403 |
| United States v. American Cyanamid & Co. | Civil Action No. 4-74 Civ 36 |
| Republic of Philippines v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 4-72 Civ 312 |
| Imperial Government of Iran v. Chas Pfizer & Co., Inc., et al. | Civil Action No. 4-74 Civ 65 |
| Government of India v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 4-74 Civ 496 |
| Government of Colombia v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 4-76 Civ 47 |
| Republic of Germany (West) v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 4-74-Civ 614 |
| L. I. Edelson, et al. v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 4-72 Civ 134 |
| Marvin Barkel v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 4-71 Civ. 420 |

*Book*

DOCKET NO. 10

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ANTIBIOTIC ANTITRUST LITIGATION

Re:  The State of Kuwait v. Pfizer, Inc., et al.,
     S. D. N. Y., Civil Action No. 78-2478

ORDER TO SHOW CAUSE

To All Counsel in the Above-Captioned Litigation

It appearing that the above-captioned action pending in the Southern District of New York is a tag-along action in the above-captioned litigation and it appearing that several actions in this litigation have been transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) for the completion of pretrial proceedings and trial,

IT IS ORDERED that the parties in the above-captioned action show cause why this action should not be transferred to the Eastern District of Pennsylvania and assigned to the Honorable Charles R. Weiner for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407 with the related actions now pending there.

FOR THE PANEL:

*John Minor Wisdom*

John Minor Wisdom
Chairman

DOCKET NO. 10

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUL 26 1978

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION (CRW)

IN RE ANTIBIOTIC DRUG ANTITRUST LITIGATION

The State of Kuwait v. Pfizer, Inc., et al.,
S.D. N.Y., C.A. No. 78-2478

ORDER

It appearing that no party to the above-captioned
action objects to its transfer for coordinated or con-
solidated pretrial proceedings under 28 U.S.C. §1407 with
the actions pending in the above-captioned litigation in
the Eastern District of Pennsylvania before the Honorable
Charles R. Weiner and the Panel having found, upon the
basis of the papers submitted, that these actions involve
common questions of fact and that transfer would serve the
convenience of the parties and witnesses and would further
the just and efficient conduct of the litigation,

IT IS ORDERED that the above-captioned action be, and
the same hereby is, transferred to the Eastern District of
Pennsylvania and, with the consent of that court, is assigned
to the Honorable Charles R. Weiner for coordinated or con-
solidated pretrial proceedings under 28 U.S.C. §1407 with the
other actions in this docket and pending in that district.

FOR THE PANEL:

John Minor Wisdom
Chairman